# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| In re<br><br>**MARY ODOMS-HARRIS,**<br><br>　　　　　　　　　　**Debtor** | **Chapter 13**<br>**Case No. 06-11300-FJB** |
| **MARY ODOMS-HARRIS,**<br><br>　　　　　　　　　　**Plaintiff**<br><br>v.<br><br>**FREMONT INVESTMENT & LOAN, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and WELLS FARGO BANK, N.A.**<br><br>　　　　　　　　　　**Defendants** | **Adversary Proceeding**<br>**No. 08-1258** |

## MEMORANDUM OF DECISION AND ORDER
## AS TO CORE JURISDICTION AND ABSTENTION

The claims asserted by the debtor against defendants MERS and Fremont Investment and Loan—prepetition claims for damages—are related to this bankruptcy case but not core proceedings. Therefore, and because these defendants have not consented to the bankruptcy court's entering final judgment as to these claims, the court may at best enter only proposed findings and conclusions, subject to de novo review in the U.S. District Court. 28 U.S.C. § 157(c)(1). This procedure is inherently inefficient and, for that reason, cause for abstention, especially where the claims may be adjudicated in another forum with full jurisdiction over them.

With respect to the third defendant, Wells Fargo, as successor in interest to JP Morgan, the claims are core proceedings because JP Morgan (through its servicer, Saxon Mortgage Corporation) filed a proof of claim in this case and because, at least as to some of the claims

against this defendant, the claims concern (i) a determination of the validity of a mortgage of which this defendant is presently the holder and (ii) adjudication of claims against the bankruptcy estate. Core proceedings include the allowance and disallowance of claims against the estate, proceedings to determine the validity of a lien, and counterclaims by the estate against persons filing claims against the estate. 28 U.S.C. § 157(b)(2)(C) & (K). These being core matters, the Court has authority to enter final judgment against this defendant despite its lack of consent. 28 U.S.C. § 157(b)(1). Insofar as these matters involve claims against the estate and a lien against estate assets, the prompt adjudication of these claims is integral and essential to the advancement of this chapter 13 case, and therefore the court will not abstain as to the counts against Wells Fargo.

Nonetheless the debtor may prefer to litigate her claims against the three defendants in a single proceeding. She may do so by withdrawal of this proceeding to the U.S. District Court (provided a party so moves and the District Court grants a motion for that relief) or by refiling the same claims in another court of competent jurisdiction.

## ORDER

Accordingly, the Court hereby ORDERS that the court will (1) retain jurisdiction as to Wells Fargo and (2) enter an order abstaining as to MERS and Fremont Investment and Loan unless, on or before June 1, 2009, the debtor either moves to dismiss this proceeding (in order to refile it elsewhere) or files a motion under 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a) for withdrawal of the reference as to this adversary proceeding and that motion is (in due course) granted by the District Court.

Date: May 21, 2009

Frank J. Bailey
United States Bankruptcy Judge

2